UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF GREAT LAKES DREDGE & DOCK CO., LLC, AS OWNER OR OWNER PRO HAC VICE OF THE SPUD BARGE KS 4009, ITS ENGINES, TACKLE, APPURTENANCES, FURNITURE, ETC. PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO.<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE: |

COMPLAINT FOR EXONERATION FROM

AND/OR LIMITATION OF LIABILITY

Great Lakes Dredge & Dock Co., LLC, ("Great Lakes" and/or "Limitation Plaintiff") as owner *pro hac vice* of the KS 4009 ("KS 4009") files this Complaint in a cause of exoneration from or limitation of liability, civil and maritime, and alleges, upon information and belief, as follows:

1.

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims (the "Supplemental Rules").

2.

At all times hereinafter mentioned, Great Lakes Dredge & Dock Co., LLC was and now is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, and was, at all times hereinafter mentioned, the owner and operator *pro hac vice* of the KS 4009.

3.

Prior to and at all times hereinafter described, Limitation Plaintiff exercised due diligence to make and to maintain the KS 4009 in all respects seaworthy; and at all times hereinafter described, the KS 4009 was, in fact, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

4.

It has been alleged that on or around March 29, 2013 Great Lakes negligently conducted operations in or around oyster leases owned by Shell Island, Inc., Grasshopper Oysters, Inc. and Dannell B. Jurisich in or around navigable waters near Bayou Fontanelle and Sunken Marsh in the Parish of Plaquemines.

5.

As a result of the allegedly negligent operations, Shell Island, Inc., Grasshopper Oysters, Inc. and Dannell B. Jurisich allege damage to several of their oyster leases and commenced legal action in the state district court for the Parish of Plaquemines, Louisiana captioned "Grasshopper Oysters, Inc., Shell Island, Inc., and Dannell B. Jurisich versus Great Lakes Dredge and Dock, LLC of Louisiana et al," bearing docket No. 61-265 in that court, which was then removed to the United States District Court for the Eastern District of Louisiana and is pending under Dock No. 2:14-cv-00934 in that Court.

6.

Limitation Plaintiff avers that neither it nor the KS 4009 or any persons or property for whom it may be responsible, in any manner, caused or contributed to the aforementioned incident, or are liable to any damages to the premises. To the contrary, Limitation Plaintiff avers that the damages were caused solely by the prior incidents of the BP Oil Spill and/or third

parties, the particulars of which will be shown at the trial of this cause and are pleaded in bar or diminution of any claim filed herein.

7.

If Shell Island, Inc., Grasshopper Oysters, Inc. and Dannell B. Jurisich did sustain any damage to their oyster leases, it was caused by the fault of third parties for whom Great Lakes was not and is not responsible, including Big F Marine, LLC and Diamond Boats, Inc.

8.

Limitation Plaintiff avers that it is entitled to exoneration from liability for all losses, damages, and injuries occasioned, incurred, and /or sustained by reason of the aforesaid incident, and that Limitation Plaintiff has valid defenses to all such claims. In the alternative, and without admitting liability, Limitation Plaintiff avers in the event that it or the KS 4009 should be held responsible to any party or parties by reason of the matters hereinabove set forth, Limitation Plaintiff claims the benefit of limitation of liability as provided in 46 U.S.C. Sections 30501-30512 and all laws supplementary and amendatory thereto.

9.

Limitation Plaintiff avers that all losses, damages, and injuries resulting from the aforesaid incident were done, occasioned, and incurred without Limitation Plaintiff's fault and/or without Limitation Plaintiff's privity or knowledge.

10.

Diamond Boats, Inc. has filed for exoneration from or limitation of its liability stemming from its ownership of the M/V Little Bob. This limitation proceeding is captioned IN THE MATTER OF THE COMPLAINT OF DIAMOND BOATS, INC., AS OWNER AND OPERATOR OF THE M/V LITTLE BOB, ITS ENGINES, TACKLE, APPURTENANCES,

FURNITURE, ETC., PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY, was given case number 2:14-cv-1083, and assigned to Judge Helen Berrigan.

11.

Attached as Exhibit "A" is a true and correct copy of the state court Petition filed on behalf of the Shell Island, Inc., Grasshopper Oysters, Inc. and Dannell B. Jurisich.

12.

This Complaint is filed within six months from the date Limitation Plaintiffs received first written notice of a limitable claim.

13.

The value of Limitation Plaintiff's interests in the KS 4009 allegedly involved in the casualty described above is $475,000.

14.

It is not a jurisdictional prerequisite to claim the benefits of 46 U.S.C. §30501, et seq. that security be posted simultaneously with the complaint or within six months of notice of a claim. *Guey v. Gulf Insurance Co.,* 46 F.3d 478, 481 (5th Cir. 1995). It is within the full discretion of the district court, pursuant to Rule F(1), to direct Limitation Plaintiffs when to post security and the amount required. *Id.*

15.

Limitation Plaintiff claims exoneration from liability for any and all injuries, deaths, losses, or damages occurring as a result of the aforesaid accident and for any and all claims therefor. Limitation Plaintiff alleges it has valid defenses thereto on the facts and on the law. Alternatively, Limitation Plaintiff, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in Sections 30501, *et seq.* of Title 46 of the United States Code (46 U.S.C. App. § 30501, *et seq*.), and the various statutes

supplemental thereto and amendatory thereof, and, to that end, Limitation Plaintiff will deposit with the Court, as security for the benefit of potential claimants, sufficient security upon same being determined and ordered by this Court.

16.

Should it later appear that Limitation Plaintiff is or may be liable and that the amount or value of its interest in the KS 4009 and its pending freight, as aforesaid, are not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum of the value of the KS 4009, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

17.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Limitation Plaintiff prays that:

(1) This Court issue an Order approving the dispensation from security by Limitation Plaintiff until this Court so orders;

(2) This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file

and serve on the attorneys for Limitation Plaintiff an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3) This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiff and/or against the KS 4009 to recover damages for or in respect of any loss, damage, injury, or deaths occasioned or incurred as a result of the aforesaid accident;

(4) This Court adjudge that Limitation Plaintiff is not liable to any extent for any injuries, losses, deaths, or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

(5) The Court in this proceeding will adjudge that Limitation Plaintiff is not liable to any extent for any injuries, losses, deaths, or damages occurring as a result of the accident, or for any claim whatsoever in any way arising from or in consequence of the aforesaid accident; or if Limitation Plaintiff shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiff's interests in the KS 4009 and its pending freight, as aforesaid, at the end of the voyages on which they were engaged at the time of the accident, and that Limitation Plaintiff be discharged therefrom under the surrender of such interests and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging Limitation Plaintiff from all further liability; and

  (6)  Limitation Plaintiff may have such other, further or different relief as may be just in the circumstances.

            Respectfully submitted,

            __/s/ Jefferson R. Tillery_____
            JEFFERSON R. TILLERY (# 17831)
            STEPHEN H. CLEMENT (#34850)
            JONES WALKER LLP
            201 St. Charles Avenue - 47th Floor
            New Orleans, Louisiana 70170-5100
            Telephone:  504-582-8616
            Facsimile:  504-589-8616
            jtillery@joneswalker.com
            sclement@joneswalker.com
            *Attorneys for Defendant,*
            *Great Lakes Dredge & Dock Co., LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by hand, fax, by depositing same in the U.S. mail, postage prepaid and properly addressed, and/or this Court's electronic filing system this 19th day of June, 2014.

            */s/ Jefferson R. Tillery*_____

            Jefferson R. Tillery